[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Karen W. Green, moves that this court find the plaintiff, Cyril W. Green, Sr., in contempt regarding the plaintiffs alleged refusal to allow the defendant to use a backhoe while operating a sawmill located at 1090 Stafford Road in Mansfield. On September 30, 2002 the court held an evidentiary hearing on this motion and finds the following facts.
On August 30, 2001, the court, Bishop, J., ordered, inter alia, that the defendant or her designee have use of a 580 E Case backhoe which had been specially modified to handle logs. The defendant's use of the equipment for that purpose was contingent on reasonable notice to the plaintiff. At the time of this court order, the plaintiff stored the backhoe on the farm at 1090 Stafford Road. On August 31, 2001, Judge Bishop also ordered that this backhoe remain on that property during this litigation.
During March 2002, the plaintiff left messages at the plaintiffs residence that she wished to use the backhoe for sawmill purposes in April 2002. The defendant also asked a friend of the plaintiff to convey that desire to him. Shortly after the defendant's request, the backhoe was removed from the property during nighttime hours.
Receiving no response from the plaintiff, the defendant contacted her attorney. Through counsel, the defendant was advised that the plaintiff refused to relinquish custody of the backhoe until the defendant obtained liability insurance for its use. The defendant attempted to secure such coverage but was thwarted solely by the unavailability of the serial number.
Despite the defendant's reasonable efforts to have the plaintiff produce the backhoe, he has declined to do so. On July 10, 2002, the defendant filed this motion for contempt. CT Page 12410
The court concludes that the defendant has met her burden of demonstrating that the plaintiff has wilfully disobeyed the August 30, 2001, order of this court by refusing to make the backhoe available for operation by the defendant or her designee. As a result of the unavailability of the backhoe, a truckload of pine logs were exposed to the elements for a prolonged period of time, which exposure rendered them useless for milling. The defendant sustained a $700 loss as a result.
The court holds the plaintiff in contempt and orders him to pay $700 to the defendant, through counsel by November 1, 2002; to return the 580 E Case backhoe, in good working order, to 1090 Stafford Road, Mansfield, by October 15, 2002, or pay a $50 per day fine for each day thereafter until the backhoe is returned; to allow the defendant use of the backhoe upon request through his counsel; and to pay reasonable attorney's fees of $250 attendant to the prosecution of this motion, which fees are payable, through counsel, to the defendant by November 1, 2002.
Sferrazza, J. CT Page 12411